UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PPI TECHNOLOGY SERVICES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-47 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

On this day came to be considered *sua sponte* the Court's subject matter jurisdiction in the above styled action.

Defendant Liberty Mutual Insurance Company ("Liberty") filed a Notice of Removal with this Court on February 24, 2011, alleging that removal is proper under 28 U.S.C. §§ 1332 and 1446 due to diversity jurisdiction. Liberty alleges that it is a company incorporated in Massachusetts with its principal place of business in Boston, and that plaintiff PPI Technology Services, LP, ("PPI") is a Texas Limited Partnership with its principal place of business in Houston. (D.E. 1 at 3.) However, Liberty does not identify the partners of PPI or indicate their citizenships.

The citizenship of a limited partnership is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). For a removing party to properly allege the citizenship of a limited partnership it must identify each of the members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited partnership which is also a limited partnership or limited liability company. Hernandez v. Wal-Mart Stores, Inc.,

2009 WL 4377724, at *1 n.1 (M.D. La. Dec. 2, 2009) (citing Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd., 2007 WL 2848154 (M.D. La. Sept. 24, 2007). In other words, the removing party "must list the citizenship of each member of each limited liability company to properly allege diversity of citizenship." See Bona Fide Demolition and Recovery, LLC v. Crosby, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir.2004); Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir.2007)).

Where a pleading makes "[n]o mention . . . of [an unincorporated organization's] partners, let alone their respective states of citizenship," this is "insufficient to establish the existence of diversity jurisdiction." Mullins v. Testamerica Inc., 300 Fed. Appx. 259, 259-60 (5th Cir. 2008). Absent allegations of the citizenship of each member of an incorporated association, the court may conclude there is a member in every state and that diversity jurisdiction does not exist. Int'l Ass'n of Machinists v. Eastern Airlines, Inc., 320 F.2d 451, 455 (5th Cir. 1963).

It is provided, however, by 28 U.S.C.A. Sec. 1653 that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." If jurisdiction actually existed from the facts at the time when the complaint was filed, even though not properly pleaded, the formal defect in the pleadings does not deprive the Court of jurisdiction at the time when the action was filed, if such defect is later corrected. Finn v. American Fire & Casualty Co., 207 F.2d 113, 115 (5th Cir. 1953); see also D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co., 608 F.2d 145, 147 (5th Cir.1979) (citing 28 U.S.C. § 1653); Molina v. Wal-Mart Stores Texas, L.P., 535 F.Supp.2d 805, 807 (W.D. Tex., 2008). Rule 15(a) of the Federal Rules of Civil

Procedure also provides that leave to amend "shall be freely given when justice so requires." See Cobb v., Delta Exports, Inc., 186 F.3d 675 (5th Cir.1999).

 Accordingly, it is hereby ORDERED that Defendant Liberty file an appropriate amended Notice of Removal with this Court within fourteen (14) days after entry of this order, or the case will be remanded to state court.

 SIGNED and ORDERED this 25th day of February, 2011.

          _____
            Janis Graham Jack
            United States District Judge