UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PPI TECHNOLOGY SERVICES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-47 |
| | § | |
| LIBERTY MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Liberty Mutual Insurance Company's Unopposed Motion for Continuance of Deadline to File Amended Notice of Removal. (D.E. 4.) As explained below, the Motion is GRANTED. Defendant has seven (7) days to amend its Notice of Removal in accordance with the Court's February 25, 2011 Order, or the action will be remanded to state court.

On January 28, 2011, Plaintiff PPI Technology Services, LP, ("PPI") filed suit against Defendant Liberty Mutual Insurance Company ("Liberty") in the 347th Judicial District Court of Nueces County, Texas. On February 24, 2011, Liberty filed a Notice of Removal with this Court, alleging that removal is proper under 28 U.S.C. §§ 1332 and 1446 due to diversity jurisdiction. However, Liberty failed to allege the citizenship of each partner of PPI in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). See Carden v. Arkoma Assoc., 494 U.S. 185, 195-196 (1990) (D.E. 1.)

On February 25, 2011, the Court gave Defendant leave to amend the defective allegation of jurisdiction pursuant to 28 U.S.C. § 1653, which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." See § 1653; see also

Menendez v. Wal-Mart Stores, Inc., 364 Fed. Appx. 62, 66 (5th Cir. 2010) ("28 U.S.C. … grants courts the authority and discretion to allow parties to cure defective allegations of jurisdiction.") (unpublished).  The Court ordered Defendant, within fourteen days, to correct its defective Notice of Removal.  The Court stated that if Defendant failed to do so, the case would be remanded to state court.  (D.E. 3.)

Defendant Liberty has failed to amend its Notice of Removal in accordance with the Court's Order.  In its Motion for Continuance, filed on March 11, 2011, Liberty contended it was unable to determine the identity and citizenships of the members of PPI because this information is not in the public record.  Liberty contended it "placed calls on [March 11, 2011] to counsel for Plaintiff to request that he provide a list of the general and limited partners along with the current address information[.]"  (D.E. 4 at 2.)  Liberty requests a continuance in order to obtain the necessary information through voluntary disclosure from PPI or discovery if necessary.  (Id.)

The thirty day period for timely filing the Notice of Removal has now passed.  See § 1446(b).  However, defective allegations of diversity can be cured after the thirty-day window has passed pursuant to § 1653.  See Moody v. Comm. Ins. Co. of Newark, N.J., 753 F.Supp. 198, 201 (N.D. Tex 1990).  Defendant is hereby given another seven (7) days to obtain the required information and amend its Notice of Removal accordingly.  If Defendant fails to timely amend its Notice of Removal to properly allege the citizenship of Plaintiff PPI, the Court will assume it lacks subject matter jurisdiction over this action and remand this action to state court.

SIGNED and ORDERED this 14th day of March, 2011.

_____
Janis Graham Jack
United States District Judge